UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS FAMILY TRUST<br>      Plaintiff,<br><br>vs.<br><br>JOSHUA BOWLIN; DC CAPITAL AND INVESTMENTS, LLC; JOSEPH NEUERBURG; ONE80 CAPITAL ADVISORS LLC; and ALTOSGROUPS LLC<br>      Defendants. | Civil Action No.<br><br>Complaint for a Civil Case |

## **PLAINTIFF THOMAS FAMILY TRUST'S COMPLAINT**

COMES NOW Plaintiff Thomas Family Trust ("**Plaintiff**"), by and through its undersigned counsel of record, and for its causes of action against Defendants Joshua Bowlin; DC Capital and Investments, LLC; Joseph Neuerburg; One80 Capital Advisors LLC; and AltosGroups LLC (collectively "**Defendants**"), states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a Georgia trust with its principal place of business in Georgia.

2. Defendant Joshua Bowlin ("**Bowlin**") is a Missouri citizen domiciled in Jackson County, Missouri. Bowling may be served with process at 5017 Grand Ave., Unit 3, Kansas City, MO 64112 or 413 E 63rd St., Kansas City, MO 64110.

3. Defendant DC Capital and Investments, LLC ("**DC Capital**") is a Kansas limited liability company authorized to do business in Missouri. DC Capital may be served with process via its registered agent Joshua Bowlin at 5017 Grand Ave., Unit 3, Kansas City, MO 64112

4. Defendant Joseph Neuerburg ("**Neuerburg**") is a Missouri citizen domiciled in Clay County, Missouri. Neuerburg may be served with process at 9621 N. Home Ave Kansas

City MO 64157

5. Defendant One80 Capital Advisors LLC ("**One80**") is a Missouri limited liability company. One80 may be served via registered agent Joseph Neuerburg, 800 W. 47th St , Suite 610, Kansas City MO 64112

6. Defendant AltosGroups LLC ("**AltosGroups**") is a Delaware limited liability company. Upon information and belief AltosGroups does business in the state of Missouri. AltosGroups may be served with process at A Registered Agent, Inc., 8 the Green, Ste. A Dover, DE 19901

7. Jurisdiction is proper as there is complete diversity of citizenship between the parties to this action, as required by 28 U.S.C. § 1332(a).

8. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Therefore, the requisite amount in controversy exists to support federal jurisdiction under 28 U.S.C. § 1332(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred in Jackson County, Missouri.

**BACKGROUND**

10. Plaintiff is the beneficial owner of various entities which own a real estate project known as Wade Park (the "**Project**") located in Frisco, Texas.

11. On or about January 17, 2017, Plaintiff guaranteed approximately $125 million (the "**Gamma Loan**") in loans related to the Project made by Gamma Lending Omega, LLC ("**Gamma Lending**")" and its affiliates.

12. Plaintiff and its affiliates pledged the Project as collateral for the Gamma Loan.

13. The Gamma Loan has matured and is currently in a Fifth Forbearance Agreement

(the "**Gamma Forbearance**").

14. The Gamma Forbearance expires on December 28, 2018 (the "**Gamma Forbearance Expiration**").

15. Gamma Lending has a pending foreclosure sale scheduled for January 2, 2019 at 10:00 a.m. Central Standard Time (the ("**Gamma Foreclosure**") which may proceed if the Gamma Loan is not paid off on or before December 28, 2018.

16. On or about November 27, 2018, Plaintiff's affiliate, Thomas Land & Development LLC ("**Thomas Land**") entered into a Letter of Intent with defendant AltosGroups (the "**AltosGroups LOI**"). A true and correct copy of the AltosGroups LOI is attached hereto as **Exhibit A** and is incorporated herein by reference.

17. Pursuant to the AltosGroups LOI, AltosGroups agreed to loan $720 million (the "**AltosGroups Loan**") to Plaintiff's affiliates.

18. The AltosGroups LOI contained several contingencies, including a contingency that defendants DC Capital and/or Bowlin would arrange for $400 million in equity contributions for a cash down payment with options for defendant DC Capital to deposit additional down payments.

19. The AltosGroups LOI terminated by its own terms on December 7, 2018. **See** Exhibit A.

20. Defendants One80 and Neuerberger may have worked with defendants DC Capital and/or Bowlin to raise capital for the AltosGroups Loan.

21. On or about December 14, 2018, Thomas Land and AltosGroups terminated the AltosGroups LOI pursuant to a Mutual Release and Termination of Letter of Intent (the "**AltosGroups LOI Termination**") which reaffirmed the AltosGroups LOI had expired. A true

and correct copy of the AltosGroups LOI Termination is attached hereto as **Exhibit B** and is incorporated herein by reference.

22. After execution of the AltosGroups LOI Termination, Plaintiff and its affiliates proceeded with a letter of intent with Bluebell International, LLC "**Bluebell**") for a loan in the amount of $800 million (the "**Bluebell Loan**") set to close on or before December 28, 2018.

23. On or about December 13, 2018, Bluebell informed Plaintiff and its affiliates that it would not proceed with the Bluebell Loan due to various claims made by AltosGroups, Bowlin, DC Capital, Neuerburg, and One80 that they each claimed an equity interest in the Project should Bluebell proceed with the Bluebell Loan.

24. Upon information and belief, defendants Bowlin, DC Capital, Neuerburg, and/or One80 communicated their claims to Bluebell from their places of business in Jackson County, Missouri.

25. As a result, Bluebell will not proceed with closing the Bluebell Loan unless and until Defendants provide Bluebell with written affirmation they have no interest and no claim to the Project or its principals.

26. Plaintiff will suffer irreparable harm if the Bluebell Loan does not close on or before December 28, 2018 because the Gamma Forbearance Expiration will open possibility of Gamma Lending converting part of the Gamma Loan to equity (vastly diluting Plaintiff's interest in the Project) and/or Gamma Lending may proceed with foreclosure on January 2, 2019 wiping out Plaintiff's interest in the Project entirely.

### COUNT I: TORTIOUS INTERFERENCE

27. Plaintiff incorporates ¶¶ 1-26 as if those allegations were more fully set forth herein.

28. Plaintiff has a valid contract and business expectancy with Bluebell for the Bluebell Loan.

29. Defendants have knowledge of the Bluebell Loan.

30. Defendants' intentional interference with the Bluebell Loan by asserting an invalid claim in the Project is delaying the closing of the Bluebell Loan.

31. Defendants have no justification for their intentional interference with the Bluebell loan following termination and release of the AltosGroups LOI.

32. Defendants actions have caused Plaintiff damages in delayed closing of the Bluebell Loan.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order against Defendants, jointly and severally, in an amount of damages to be determined at trial in excess of $75,000; the costs of this action**;** attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper.

## COUNT II: CIVIL CONSPIRACY

33. Plaintiff incorporates ¶¶ 1-32 as if those allegations were more fully set forth herein.

34. Upon information and belief, two or more of defendants AltosGroups, Bowlin, DC Capital, Neuerburg, and One80 agreed to interfere with the Bluebell Loan in an attempt to force Plaintiff and its affiliates to gift defendants a majority equity interest in the Project to avoid foreclosure and Plaintiff's resulting loss of the entire Project.

35. Defendants agreement constitutes extortion, an unlawful act.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order against Defendants, jointly and severally, in an amount of damages to be determined at trial in excess of

$75,000; the costs of this action; attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper.

### COUNT III: DECLARATORY JUDGMENT

36. Plaintiff incorporates ¶¶ 1-35 as if those allegations were more fully set forth herein.

37. Pursuant to the AltosGroups LOI Termination, defendants have no interest in the Project.

38. Plaintiff's interest in the Project is at stake and subject to immediate risk of loss due to Defendants claims of an interest in the Project.

39. Plaintiff has no adequate remedy at law to timely resolve Bluebell's concern over closing the Bluebell Loan.

40. This controversy is ripe for judicial determination.

WHEREFORE, Plaintiff request the Court's Order and Determination that Plaintiffs have no interest in the Project; the costs of this action; attorneys' fees and expenses; and for such other and further relief as the Court deems just and proper.

### COUNT IV: CIVIL RICO VIOLATION

41. Plaintiff incorporates ¶¶ 1-40 as if those allegations were more fully set forth herein.

42. Defendants conduct in concert with each other in falsely asserting an interest in the Project in an attempt to force Plaintiff to gift Defendants a majority equity interest in the Project constitutes a pattern of racketeering activity.

WHEREFORE, Plaintiff requests the Court enter its Order awarding Plaintiff its damages exceeding $75,000, plus treble damages and attorneys' fees and costs, and for such other relief as

this Court deems just and proper.

December 21, 2018

                                 Respectfully submitted,

                        LATHROP GAGE LLP

                        By:    /s/ *Brian M. Holland*
                             Brian M. Holland MO #42196
                             Andrew J. Myers MO #71091
                             2345 Grand Boulevard, Suite 2200
                             Kansas City, Missouri  64108-2618
                             Telephone:   816.292.2000
                             Telecopier:   816.292.2001
                             bholland@lathropgage.com
                             amyers@lathropgage.com

                             Attorneys for Plaintiff
                             Thomas Family Trust